RECEIVED

MAY 1 2 2014 ᑕᗰ

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

CSI INSPECTION, LLC

VERSUS

RANDALL BABIN, ET AL.

CIVIL ACTION NO. 13-2903

JUDGE DOHERTY

MAGISTRATE JUDGE HILL

## MEMORANDUM RULING

Before this Court is the "Motion for Partial Summary Judgment" [Doc. 21] filed by defendants Randall Babin and Platinum Tool Inspection LLC ("defendants"). In their motion, defendants move for partial summary judgment in their favor and dismissal of all claims of the plaintiff, CSI Inspection, LLC, ("CSI") "which rely on a finding that the noncompetition clause made subject to this matter is valid." Defendants argue the noncompetition clause is invalid because it did not include a geographic location as required by La. Rev. Stat. §23:921(C). The motion is opposed by plaintiff CSI [Doc. 23].

Because there are genuine issues of material fact central to the issues raised in the instant motion, defendants' motion for partial summary judgment is DENIED.

I.    **Factual and Procedural History**

The instant litigation arises out of a prior employment relationship between CSI and the individual defendant, Randall Babin. The undisputed facts as alleged by the movants are as follows:

- • Babin has been employed in the business of inspecting pipe used for drilling oil and gas wells since 1983.

- • Babin and Kim Cunningham created Connection Specialists, Inc. in 2008.

- Connection Specialists, Inc. was purchased by an investment group in 2010.

- Babin was not a shareholder in Connection Specialist, Inc. and did not receive any proceeds from its sale.

- Connection Specialist, Inc. was renamed CSI Inspection, LLC after it was purchased in 2010.

- Cunningham was named to a management position with CSI.

Beginning in June 2010, the parties dispute certain material events.  The parties agree that on June 30, 2010, Cunningham presented Babin with a proposed employment agreement (the "Employment Agreement") at a meeting in Cunningham's office.  Babin argues this Employment Agreement contained a clause which purported to prevent Babin from competing with CSI after Babin's employment with CSI terminated,[1] "in any area described in Exhibit A hereto," but that despite the reference to an "Exhibit A" in the Agreement, no document purporting to be "Exhibit A" was included with the Agreement presented to Babin.  Babin supports his argument concerning Exhibit A with his own affidavit.[2]  In response, CSI argues "Exhibit A" was indeed attached to the Employment Agreement, and that Exhibit A limits Babin's noncompetition to the following geographic locations:

Each and every county or parish in the State of Texas, West Virginia, North Dakota, Wyoming, Colorado, Pennsylvania, Arkansas, Oklahoma, Colorado and Louisiana, including, without limitation, the following parishes in the State of Louisiana:

---

[1] Specifically, the Agreement states:

You agree that, during your employment and for a period of two years thereafter, you shall not, directly and indirectly, engage in the Business (as defined below) or invest in, own, manage, operate, finance, control, or participate in the ownership, management, operation, or control of, any person or entity which is engaged in any aspect of the Business in any area described in Exhibit A hereto."

[2] *See* Affidavit of Randall F. Babin, Jr., attached as Exhibit "1" to defendants' motion for summary judgment, Doc. 21, ¶12.

Acadia, Allen, Ascension, Assumption, Avoyelles, Beauregard, Bienville, Bossier, Caddo, Calcasieu, Caldwell, Cameron, Catahoula, Claiborne, Concordia, DeSoto, East Baton Rouge, East Carroll, East Feliciana, Evangeline, Franklin, Grant, Iberia, Iberville, Jackson, Jefferson, Jefferson Davis, Lafayette, Lafourche, LaSalle, Lincoln, Livingston, Madison, Morehouse, Natchitoches, Orleans, Ouachita, Plaquemines, Pointe Coupee, Rapides, Red River, Richland, Sabine, St. Bernard, St. Charles, St. Helena, St. James, St. John, St. Landry, St. Martin, St. Mary, St. Tammany, Tangipahoa, Tensas, Terrebonne, Union, Vermilion, Vernon, Washington, Webster, West Baton Rouge, West Carroll, West Feliciana, [and] Winn.

CSI supports its argument that the Employment Agreement presented to Babin contained "Exhibit A" with the affidavit of Kim Cunningham, Executive Director of CSI Inspection, which CSI has attached to its response to the instant motion for summary judgment.[3]

Babin terminated his employment with CSI on November 30, 2012. CSI contends that prior to that time and while he was still employed by CSI, Babin took actions prohibited by the Employment Agreement and in violation of his fiduciary duties to CSI by filing a trademark for his new company, Platinum Tool Inspection, LLC; forming and registering Platinum Tool Inspection, LLC with the Louisiana Secretary of State's Office; and registering the domain address PlatinumToolInspection.com, a competitor of CSI. CSI further contends that before Babin terminated his employment with CSI on November 30, 2012, Babin began preparations to go into direct competition with CSI by taking and using confidential, proprietary, and trade secret information belonging to CSI in violation of the Employment Agreement. Additionally, CSI contends that after his employment with CSI ended, Babin and his company, Platinum Tool Inspection, LLC, continued to take actions in breach of the Employment Agreement by engaging in unfair competition by misusing and obtaining CSI's proprietary, confidential, intellectual property,

---

[3] *See* Affidavit of Kim Cunningham, attached as Exhibit "A" to CSI Inspection's opposition brief, Doc. 23, ¶¶ 4-5.

and trade secret information to unlawfully and unfairly compete with CSI.  Finally, CSI contends

defendants have solicited and continue to solicit employees and customers of CSI in violation of a

non-solicitation agreement.

CSI filed suit against Babin and his company, Platinum Tool Inspection, LLC on October 21,

2013.  Defendants bring the instant motion for partial summary judgment, seeking dismissal of CSI's

claims against the defendants "which rely on a finding that the noncompetition clause made subject

of this matter is valid."  However, partial summary judgment on the issue of the noncompetition

agreement at this juncture is clearly not appropriate, as the parties dispute – factually – whether the

Employment Agreement signed by Babin contained the disputed exhibit which outlined the

geographic areas in which Babin was not to compete with CSI, as required by La. Rev. Stat.

§23:921(C).[4]  Both the movants and the respondent disagree as to whether Babin was presented with

Exhibit A, and both parties support their contradictory arguments on this factual point with

---

[4] La. Rev. Stat. §23:921 states in relevant part:

> A. (1) Every contract or agreement, or provision thereof, by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, except as provided in this Section, shall be null and void. However, every contract or agreement, or provision thereof, which meets the exceptions as provided in this Section, shall be enforceable.

> C. Any person, including a corporation and the individual shareholders of such corporation, who is employed as an agent, servant, or employee may agree with his employer to refrain from carrying on or engaging in a business similar to that of the employer and/or from soliciting customers of the employer within a specified parish or parishes, municipality or municipalities, or parts thereof so long as the employer carries on a like business therein, not to exceed a period of two years from termination of employment. An independent contractor, whose work is performed pursuant to a written contract, may enter into an agreement to refrain from carrying on or engaging in a business similar to the business of the person with whom the independent contractor has contracted, on the same basis as if the independent contractor were an employee, for a period not to exceed two years from the date of the last work performed under the written contract.

(emphasis added)

-4-

competing affidavits.  It would be inappropriate for this Court, at this juncture, to weigh the parties'

competing evidence, or make a credibility call, by ruling in favor of one party on the issue of the

noncompetition clause in the face of such competing evidence at this time.

Considering the foregoing, the "Motion for Partial Summary Judgment" [Doc. 21] must be

DENIED.

THUS DONE AND SIGNED in Lafayette, Louisiana, this __12__ day of May, 2014.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE